IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO: 5:15-CV-77

| | |
|---|---|
| GREAT AMERICAN<br>INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| CAPSTONE COLLEGIATE<br>COMMUNITIES, LLC and<br>COTTAGE BUILDERS, INC., | )<br>)<br>)<br>) |
| Defendants. | ) |

## CONSENT CONFIDENTIALITY PROTECTIVE ORDER

Whereas, the parties to this action ("parties"), have stipulated as to the process for the treatment of certain materials for the purposes of discovery in this lawsuit and have requested that the court enter a confidentiality order; and whereas the court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the court; accordingly, it is hereby ORDERED:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively

"documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Designation of Confidential Materials.**

a. **Form and Timing.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. However, inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

b. **Designation by Non-producing Party.** Any Party may seek to designate information, documents, or materials produced by another Party or by a non-party as "Confidential" materials just as the Party would under this Order with regard to information, documents, or materials produced by that Party. The term "Party" and "Parties" as used herein shall be deemed to include such non-parties to the extent necessary or appropriate to effectuate the terms of this paragraph.

3. **Documents Which May be Designated Confidential.** Any party may designate documents as confidential by affixing the word CONFIDENTIAL on the

document but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information.

4. **Depositions.** Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

5. **Protection of Confidential Material.**

a. **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 6.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b. **Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto), that he or she has read and

understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

 (1) counsel (including in-house counsel and outside general counsel) and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

 (2) parties and employees of a party to this Order but only to the extent counsel certifies that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;

 (3) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

 (4) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

 (5) other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

c. **Control of Documents.** Counsel for the parties shall take reasonable

efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this Order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

d. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

7. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary

circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion.

8. **Greater Protection of Specific Documents.** Except as specified herein, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

9. **Challenges to Designation as Confidential.** Any CONFIDENTIAL designation or redactions of irrelevant, non-party confidential information is subject to challenge. The following procedures shall apply to any such challenge.

   a. Any Party seeking to object to the designation of any materials as "Confidential" shall, prior to petitioning the Court to set aside such designation, advise the producing Party, in writing, of its objection and make a good faith effort to resolve by agreement or stipulation any dispute

concerning such designation. If the dispute cannot be resolved between the Parties, the objecting Party may then petition the Court to set aside the disputed designation. A motion or application to set aside a disputed designation shall identify the moving Party's efforts to comply with this Paragraph and shall state that the Parties were unable to resolve the dispute among themselves. A motion or application to strike a disputed designation made in violation of this Paragraph shall be denied.

b. The burden of proving the necessity of any confidential or irrelevant designation remains with the party asserting confidentiality or redacting for non-relevant confidential.

c. A party who contends that documents designated CONFIDENTIAL or redacted, are not entitled to confidential treatment shall give written notice to counsel for the party who affixed the designation, or redacted the document, of the specific basis for the challenge.

d. Notwithstanding any challenge to the designation of documents as confidential, or the redaction of documents, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

>   (1) the party who claims that the documents are confidential withdraws such designation in writing;

(2) the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 10.b. above; or

(3) the court rules that the documents should no longer be designated as confidential or highly confidential information.

e. Challenges to the redaction or confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

10. **Treatment on Conclusion of Litigation.**

a. **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b. **Return of CONFIDENTIAL Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (¶6.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction.

Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. To the extent practicable, an attorney shall make a good faith effort to redact any information which is unnecessary to preserve the utility of the work product. This work product continues to be Confidential or Highly Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

11. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

12. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel, or redacted as irrelevant non-party confidential information, is subject

to protection under Rule 26(c) of the Alabama Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

The provision of any material shall not be deemed to be an admission or waiver by the producing Party of the confidentiality or non-confidentiality of any such material, which thereafter may be designated as "Confidential" or of any attorney-client, work product, or other applicable privileges or immunities.

Nothing in this Protective Order shall be construed as precluding a Party from objecting to the use of Protected Materials on grounds other than confidentiality or be construed as relevant to the issue of whether any document or information is or is not admissible into evidence in this action. Nothing that occurs in this order or action shall be construed as waiving or diminishing a Party's or a third party's interests in and rights to the confidentiality of "Confidential" materials or as waiving or diminishing a Party's or a third party's attorney-client privilege or work product doctrine privilege.

Nothing herein shall prevent a Party from using or disclosing its own documents or information which it is otherwise free to disclose.

13. **Clawback.** If any Party states in writing that certain privileged material was produced in error, neither Party will assert that the fact of production of that material constitutes a waiver of any right, privilege, or other protection that a Party had or may have had as to that material. The receiving Party, upon request, shall

return the material and all copies thereof and destroy that portion of any notes or memoranda that reflect the substance of the material. If a Party challenges a claim of inadvertent production as to any material, the producing Party shall file a motion with the Court within ten (10) business days of the challenge seeking a ruling that the material at issue was produced inadvertently. The receiving Party shall maintain the confidentiality of the material until the Court resolves the motion and, during its pendency, shall not use or disclose the material that is the subject of the motion.

14. **Protection of confidential materials from subpoena or request by non-party.** In the event that any Party shall receive a written or oral request, subpoena, or court order seeking disclosure of another Party's "Confidential" materials, such Party shall (1) immediately notify the producing Party of the request, subpoena or court order and provide a copy of same, (2) object in writing to such request, subpoena or court order on the basis of this Protective Order, and (3) not produce such Protected Materials unless its objection is overruled or denied by the body which issued the request, subpoena, or court order.

This Order shall take effect when entered and shall be binding upon all counsel in this action and their respective law firms and clients.

**SO ORDERED**.

Signed: September 9, 2016

David C. Keesler
United States Magistrate Judge

# ATTACHMENT A TO CONFIDENTIALITY ORDER

## IN THE UNITED STATE DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

| | | |
|---|---|---|
| **GREAT AMERICAN** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO: 5:15-CV-77** |
| | ) | |
| **CAPSTONE COLLEGIATE** | ) | |
| **COMMUNITIES, LLC and** | ) | |
| **COTTAGE BUILDERS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND TO CONFIDENTIALITY ORDER

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated _____, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the Court in which this matter is pending for any issue relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated as CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____